UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex</u> <u>rel</u>.<br>JENNIFER DAPOLITO,<br><br>          Plaintiff,<br><br> vs.<br><br>APPLIED MEMETICS, LLC, AM<br>TRACE LLC, and AM LLC,<br><br>          Defendants. | Case No. 5:21-cv-270 |

## PLAINTIFF-RELATOR'S SUPPLEMENTAL MEMORANDUM REGARDING PENDING MOTIONS

Plaintiff-Relator Jennifer DaPolito, by and through counsel, Downs Rachlin Martin PLLC and Phillips & Cohen LLP, hereby submits this supplemental memorandum in advance of the motions hearing scheduled for March 11, 2026. Relator seeks to provide certain updates to the Court on issues relevant to Relator's Motion to Compel Discovery (Docket No. 103), Relator's Motion for Leave to File Third Amended Complaint and Join Additional Defendant (Docket No. 104), Relator's Motions to Extend the Discovery Schedule/Order (Docket Nos. 106 & 121), and the Motion to Withdraw as Attorney (Docket No.114).

In particular, Relator seeks to update the Court on the status of discovery and Relator's review of a voluminous production of documents that Defendants made on December 12, 2025, after Relator filed the motion to compel. On that date, Defendants produced 88,885 documents totaling 333,512 pages. While Relator's diligent review remains ongoing given the significant volume of documents—totaling 19.2 GB of data—it is clear to Relator that the production is not consistent with Defendants' amended responses and objections to Relator's discovery requests (Docket No. 111-1) or Defendants' Opposition to Relator's Motion to Compel (Docket No. 111).

1

Moreover, review of the production leaves Relator with substantial questions as to why these documents were not produced until nearly two years after Relator served her requests for production, as well as significant concerns regarding whether Defendants are attempting to shift the cost of Defendants' discovery obligations to Relator. What is clear, however, is that good cause exists for the Court to grant the relief that Relator has requested in the pending motions.

As to Defendants' December 12th production of over 333,000 pages of documents, Relator's review thus far has revealed, for example, documents that are clearly responsive to Relator's original requests and those that support Relator's theory of the case, many of which should have been produced in short order following service of Relator's requests for production on January 19, 2024 and not years later just before fact discovery was set to close and right before counsel moved to withdraw from the case. These documents include, for example:

- Email correspondence by Daniel Gabriel where he expressed dissatisfaction as to an Indian Health Service ("IHS") Proposal that appears to have been submitted before he had a chance to review it, calling the submission "very sloppy." (**Exhibit 1**)[1]

- Resignation Email from former AM employee Abigail Sidibe to Daniel Gabriel in July 2020, citing too many "red flags since [her] first day" with the company and that she has "not been comfortable with language that has gone out with [her] name and [her] professional contacts attached" as reasons for her abrupt resignation. (**Exhibit 2**)

- Email correspondence between Donna Grimm and Brendan Binkoski from January 2023, identifying winning bid proposals in which Relator's name, resume, and biography were incorporated, including one bid that may have been submitted before Relator's employment at AM began. (**Exhibit 3**)[2]

---

[1] Defendants agreed to produce documents related to IHS in their original responses to Relator's discovery requests in March of 2025. It is unclear why this document related to IHS was not produced until mid-December.

[2] Correspondence regarding Relator is clearly responsive to Relator's requests and should have been produced many months prior to December 2025.

- Email correspondence from IHS regarding Defendants' inaccurate and misleading public statement regarding Defendants' relationship with IHS which IHS requested AM to correct "as soon as possible." (**Exhibit 4**)

- Email correspondence from bank accusing Daniel Gabriel of fraudulent transactions and improper comingling of funds (dated February, 2020). (**Exhibit 5**)[3]

On the other hand, Relator's ongoing review has revealed an overwhelming number of documents that are entirely unresponsive to any of Relator's requests and are wholly irrelevant to this case. For example, Defendants' December 12, 2025 production of 19.2 GB of data is riddled with irrelevant calendar invites, irrelevant listserv newsletters, automated banking and benefits notifications with no relevance to this case, automatic out-of-office replies, rental car confirmations, and Amazon order receipts. It should neither be Relator's burden to fulfill Defendants' discovery obligations, nor should Relator be deprived of additional time to conduct and complete fact and expert discovery in the case as a result, as Defendants attempt to claim. *See* Defendants' Opposition to Relator's Motion to Extend Discovery Schedule (Docket No. 124) (consenting to extension of majority of case deadlines, including deadline to complete discovery, but opposing Relator's request for the issuance of a comprehensive revised discovery schedule that would allow for orderly progress to be made as to fact discovery prior to deadlines associated with expert discovery); *see, e.g.*, *Joint Stock Co. Channel One Russ. Wordwide v.*

---

[3] It is not clear which request for production this email correspondence could be responsive to. This is an example of why it is unclear to Relator exactly what is included in this 19.2 GB of data, how it was compiled and approved for production, and what documents remain withheld by Defendants on the basis of their objections and opposition to Relator's Motion to Compel.

Relator's ongoing review has revealed many other documents that are relevant and probative of Relator's claims. Nonetheless, one has the impression that disclosure is not assured to be considered or complete. In particular, huge tranches of materials Defendants have still elected not to produce as being irrelevant, notwithstanding the Court's Opinion and Order on the Motion to Dismiss.

*Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2019 WL 4727537, at *3 (S.D.N.Y. Sept. 26, 2019) ("It is well-settled that a producing party cannot unilaterally shift the burden and expense of complying with its discovery obligations to its opponent by simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought." (quotation omitted)) (collecting cases).[4]  Relator should not be subject to the burden of searching through these hundreds of thousands of pages in order to locate the responsive and relevant documents (which should have been produced two years ago) buried within the significantly large number of irrelevant and nonresponsive ones that should not have been included in a proper document production.

Moreover, it is equally perplexing that Relator's ongoing review has revealed a significant number of documents that that are inconsistent with Defendants' amended responses and objections to Relator's discovery requests and Defendants' Opposition to Relator's Motion to Compel.  Docket Nos. 111 & 111-1.  These include, for example, documents related to states that were dismissed from the case pursuant to this Court's order on Defendants' Motion to Dismiss, which Defendants vigorously asserted were outside the scope of discovery in this case.  *See* **Exhibit 6** (Minnesota); **Exhibit 7** (New York).  It is entirely unclear at this point what is included in this large production of documents, how the production was prepared, and what is

---

[4] *See also, e.g.*, *Sports Garten LLC v. Sunday Night Prods., Inc.*, No. 20CV5617ENVST, 2023 WL 10967725, at *4 (E.D.N.Y. Aug. 25, 2023) ("Within over 20 gigabytes of data are numerous emails marked conspicuously as spam, calendar invites, blank pages, and pages containing shapes rather than any relevant text. . . . None of these can reasonably be considered relevant. This improper nature of a document dump should have been clear to Plaintiff." (citation omitted)); *Levene v. City of New York*, No. 97-CV-7985 (LAP), 1999 WL 397482, at *3 (S.D.N.Y. June 15, 1999), *aff'd*, 216 F.3d 1072 (2d Cir. 2000) (finding prejudice and dismissing case pursuant to Rule 37(b) where plaintiff responded to the court's discovery orders by "dump[ing] on defendants over 10,000 pages of documents).

4

being withheld on the basis of Defendants' objections. *See* F.R.C.P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").[5]

Relator also seeks to update the Court as to events following the completion of briefing on Sheehy Furlong's Motion Withdraw as Counsel for Defendants (Docket No. 114). In Relator's Opposition, filed on January 6, 2026 (Docket No. 117), Relator flagged that the true status of Defendants' financial position remains at issue and that the representation of Defendants' impoverished financial status appears at odds with the fact that as of January 5, 2026, Applied Memetics' website listed thirteen open job positions, with salaries of up to $240,000 (Docket No. 117 at 7 n.4). Shortly after briefing on the Motion to Withdraw was completed on January 20, 2026, those job postings were curiously removed from the Applied Memetics website and are no longer available for viewing.[6]

Dated: March 6, 2026                                    DOWNS RACHLIN MARTIN PLLC,

                                               By:    */s/ Tristram J. Coffin*
                                                      Tristram J. Coffin
                                                      Gina M. Puls
                                                      199 Main Street
                                                      Burlington, VT 05402-0190
                                                      Tel: (802) 846-8640
                                                      tcoffin@drm.com
                                                      gpuls@drm.com

                                                      - and -

---

[5] AM's amended responses to Relator's First Set of Discovery Requests (Docket No. 111-1) indicate that they "have produced or will produce" certain documents but as of the date of filing this supplemental memorandum, the only additional production Relator has received subsequent to those supplemental responses was a small production of financial documents produced in response to Relator's Second Set of Requests for Production.

[6] *See* https://recruiting.paylocity.com/recruiting/jobs/All/5fb87cce-11b0-4685-8f58-dd1cc99b5df2/Applied-Memetics-LLC (last visited March 6, 2026). On January 23, 2026, Relator's counsel noted for the first time that those postings had been removed.

6

                                                    PHILLIPS & COHEN LLP

                                                    Colette G. Matzzie (*pro hac vice*)
2000 Massachusetts Ave. NW
Washington, D.C.  20036
Tel: (202) 833-4567
cmatzzie@phillipsandcohen.com

*Attorneys for Plaintiff-Relator Jennifer DaPolito*

25536126.4