U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP -4 P 3:34

CLERK

BY ______
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA, ex rel. )
JENNIFER DAPOLITO, )
)
Plaintiff, )
)
v. ) Case No. 5:21-cv-270
)
APPLIED MEMETICS, LLC, AM TRACE, )
LLC, and AM, LLC, )
)
Defendants. )

**ORDER ON MOTION TO COMPEL DISCOVERY; MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; MOTION TO EXTEND DISCOVERY SCHEDULE; AND MOTION FOR DEFAULT JUDGMENT**
**(Docs. 103, 104, 106, 121, 133, 144, 145)**

Plaintiff-Relator Jennifer DaPolito has filed this qui tam action seeking recovery on behalf of the United States under state and federal False Claims Acts. Defendant Applied Memetics, LLC provided contract services in the area of public health and contact tracing to multiple state health departments and related agencies during the COVID-19 emergency. These services were paid for through federal funding programs. Plaintiff-Relator, a former employee, alleges that in obtaining contracts with various state agencies, Defendants made false statements about the qualifications of personnel and their ability to provide high-quality public health services. The services actually provided "were materially deficient compared to the programs the administrators of public moneys had been told by AM they would be receiving and for which they contracted." (Doc. 80 ¶ 7.)

The case came to a halt in December 2025 when Defendants' counsel moved to withdraw for lack of payment. (Doc. 114.) The court granted the motion after a hearing on March 11, 2026. Defendants' principal Gabriel Daniels appeared at the hearing.

The court advised him that Defendants would need new counsel because corporations cannot represent themselves in court. The court allowed time for him to secure new counsel and extended the time up to the present date.

On July 13, 2026, attorney Duncan Kilmartin filed a motion to appear specially as Defendants' counsel. (Doc. 138.) He seeks to limit his appearance to the filing of a motion for summary judgment. At a hearing on the motion on August 19, 2026, he explained that he intends to appear as local counsel and move for the admission of out-of-state attorney Earl "Trey" Mayfield. He explained that Mr. Mayfield believes that a motion for summary judgment will dispose of the case. Plaintiff-Relator's counsel opposed the limited appearance. On September 2, 2026, Defendants filed a motion for the appearance of Mr. Mayfield pro hac vice on the same "special" basis as Mr. Kilmartin.

## I. Appearances of Mr. Kilmartin and Mr. Mayfield

Limited appearances are neither authorized nor forbidden in the District of Vermont. Section 1654 of Title 28 of the U.S. Code refers procedures governing appearances of parties and their counsel to the rules of each court. The local rules for the District of Vermont do not address the issue. In state practice, V. R. Civ. P. 79.1(h) provides detailed rules governing a limited appearance—but only for a party who is otherwise appearing pro se. The state rule would not permit Mr. Kilmartin to appear for a limited purpose for a corporation that cannot represent itself in the rest of the case.

The court concludes that it has discretion to appoint Mr. Kilmartin and Mr. Mayfield for a limited purpose. The alternative is to find the corporate defendants in default for lack of an attorney. It would be difficult to defend a default judgment premised on not having a lawyer in the face of two lawyers, both claiming to be in a position to file a dispositive summary judgment

motion. Accordingly, the court GRANTS the motions for limited appearance and for Mr. Mayfield's appearance pro hac vice. (Docs. 138, 145.) The appearances will remain in place until the court has ruled on Defendants' summary judgment motion. In the meantime, limited or not, Mr. Kilmartin and Mr. Mayfield are fully responsible for representing the two defendant corporations. In particular, they will be responsible for completing the discovery process that was suspended in December 2025 when former counsel moved to withdraw.

At the hearing on August 19, the court also ruled on certain deadlines for this case:

- Mr. Daniels was allowed 15 days to file a memo if he chooses concerning the motion to file a third amended complaint naming him as a defendant;
- The court GRANTS the two motions to extend the discovery period. (Docs. 106, 121.) Discovery is extended to March 1, 2027. Any motion for summary judgment must be filed not later than April 1, 2027.

## II. Next Steps

The court GRANTS the motion for leave to file the Third Amended Complaint. (Doc. 104.) The court has received Mr. Daniels' response. As amended, the complaint adds Mr. Daniels to the case as an individual. He has advised the court that he intends to appear pro se. As a self-represented individual, he is responsible for keeping the court updated about his contact information. This order does not address the merits of the potential defenses raised in Mr. Daniel's opposition to the motion to amend. Following service, he has the right of any defendant to file a motion under Rule 12 in lieu of an answer.

The next step in the discovery process is the completion of the hearing on Plaintiff-Relator's motion to compel. (Doc. 103.) The Third Amended Complaint narrows the geographic scope of the claim by withdrawing claims for conduct in the states of Florida,

Minnesota, New York, and Tennessee. (Doc. 104-1, redline version.) The amendment is consistent with the court's order on Defendants' motion to dismiss. (Doc. 78.) The remaining task is to identify the documents that Plaintiff-Relator continues to seek and establish a deposition schedule for both parties. The court will schedule a video hearing for this process.

The court DENIES the motion for default (Doc. 133) because the corporate defendants now have an attorney.

The court ORDERS that all parties complete the ENE process with attorney Eric Johnson within 30 days. Settlement information should not be submitted to the court. That is why the court appoints an ENE evaluator.

## CONCLUSION

The court rules on the following motions:

- Motion to compel discovery (Doc. 103) will be set for hearing;
- Motion for Leave to file Third Amended Complaint (Doc. 104) is GRANTED.
- Motions to Extend Discovery Schedule (Docs. 106, 121) are GRANTED.
- Motion for Default (Doc. 133) is DENIED.
- Motion for Clarification (Doc. 144) is DENIED as moot.
- Motion for Appearance of Attorney Mayfield (Doc. 145) is GRANTED.

Dated at Burlington, in the District of Vermont, this 4th day of September, 2026.

Geoffrey W. Crawford, Judge
United States District Court